## Stoyel *v.* Westcott.

### In the Court below,

AMOS WESTCOTT, jun. *Plaintiff;* WILLIAM CARDER, and ISAAC STOYEL, *Defendants.*

Tort and contract may not be joined in the same declaration ; but where the *gist* of the action is tort, the declaration will not be held ill, because it alleges the transaction out of which the tort arose to have been contract.

Where a party claims to have acted under a special authority, and makes that authority the foundation of his action, he must state it with reasonable precision and certainty.

THE declaration stated, that the plaintiff, on the 4th day of February, 1804, was legally deputed to serve a certain writ or process of attachment against *Stoyel,* in which *Job Smith* was plaintiff, demanding $ 800 damages, for a certain trespass alleged to have been committed by *Stoyel ;* that the writ was signed by *Thaddeus Learned,* Esq. a justice of the peace, and by him, and in his hand-writing, directed to the plaintiff, as an indifferent person ; that the plaintiff found *Stoyel* at *Carder's* house, on the evening of the same day, levied the writ on his body, took him as his prisoner, and was about proceeding to gaol with him, when it was proposed to the plaintiff, by the defendants, with a fraudulent intent to rescue *Stoyel* out of the plaintiff's custody, and that he might have an opportunity to depart out of the jurisdiction of the state of Connecticut, and under a pretence that it would be inconvenient to him to be taken to prison at that time, that *Carder* should take the charge and custody of him, and deliver him up to the plaintiff, on the succeeding 7th of February ; that the plaintiff, induced by the solicitations of the defendants, and relying upon their integrity and faithfulness, forbore to proceed with *Stoyel* to prison, and left him in the care and custody of *Carder ;* that *Carder*

faithfully promised and engaged to bring forward *Stoyel*, and deliver him to the plaintiff, as his prisoner, at the house of *Oliver Leavins*, on the 7th of February ; that *Stoyel*, in like manner, faithfully promised and engaged, that he would truly and faithfully remain in *Carder's* custody, and would be forthcoming at the time and place specified, and that he would be, and at all times remain, the faithful prisoner of the plaintiff ; that the defendants, nevertheless, wrongfully intending to injure the plaintiff, and to throw upon him all responsibility for the demand in the writ, combined and wickedly contrived to have *Stoyel* escape and depart out of the limits of the state of Connecticut, and from the custody of the plaintiff, before the 7th of February ; that *Stoyel* by and with the consent, connivance, and assistance of *Carder*, did escape and depart into the state of Rhode-Island, and did secrete himself from the plaintiff, and wholly fail and refuse to remain the prisoner of the plaintiff ; and that by means of which, the plaintiff was put to great cost and trouble to retake his prisoner, and had to sustain sundry tedious and expensive lawsuits, and to pay out sundry large sums of money, all in consequence of the before mentioned fraudulent and deceitful conduct of the defendants.

*Not guilty* was pleaded to this declaration ; and a verdict was found for the plaintiff. An exception being taken to the declaration, on a motion in arrest, it was adjudged sufficient.

*Ingersoll*, and *Staples*, for the plaintiffs in error, contended, that the declaration was insufficient on two grounds.

1. The officer has not set out, in any legal manner, the authority under which he acted. Not being a known officer, but specially deputed, his authority ought to be precisely stated. He ought to shew a clear right to arrest *Stoyel* at the time he did. As the whole of his powers arose out of the process, it ought to be set forth. It is not to be presumed, that because a man is arrested, he is arrested legally.

The law presumes in favour of personal liberty. Besides, *Westcott* is the pleader ; and it shall not be presumed, that he had more authority than he states that he had. He has not shewn, that the writ was a legal one. He has not shewn when it was dated, or that it had any date ; to what court it was returnable, or that it was returnable to any court. He has not shewn that the duty of *thirty-four cents*, or that any duty, was paid ; nor that the authority signing the writ certified in words at length, or in any manner, that the duty was paid. It does not appear, but that the process was illegal and void. No case has gone farther in supporting a declaration of this kind, than *Gallup* v. *Dennison ; (a)* but that case is not to be compared with this.

2. Another ground of exception to the declaration is, that *assumpsit* and *tort* are joined. It is alleged, that *Carder* faithfully promised and engaged to produce *Stoyel* ; and that *Stoyel* faithfully promised and engaged to be forthcoming. This part of the case is clearly *assumpsit.* The undertakings, moreover, are distinct ; and *Westcott* might have sustained distinct actions upon them against the defendants severally. The rest of the declaration sounds in *tort.* A declaration in which *assumpsit* and *tort* are joined is clearly ill ; because the pleas to both are not the same. *(b)*

*Goddard,* for the defendant in error. This case, as to the first point, cannot be distinguished from *Dennison* v. *Gallup.* In that case, the averment was, that the plaintiff *was lawfully authorized and empowered to serve,* &c. In this, it is, that he *was legally deputed to serve,* &c. That case was determined upon demurrer ; and must be considered as having settled the law in this state.

2. Though it was determined in *Clinton* v. *Hopkins, (c)*

(*a*) *Kirby* 430.
(*b*) 1 *Term Rep.* 276, *Brown* v. *Dixon.* 1 *Com. Dig. tit. Action.* (G.)
(*c*) 2 *Root* 225.

that contract and tort cannot be joined ; yet that decision was afterwards over-ruled in the case of *Buel* v. *Carpenter.* (*d*) But it is not necessary for us to controvert that doctrine. This is entirely *an action on the case.* Several particular facts are detailed in the declaration ; but they all belong to one scheme of the defendants, and are so represented. The defendants chose to plead *not guilty ;* and this was un-doubtedly the proper plea. But if the action were assump-sit, with the same plea, no advantage could be taken of it after verdict.

BY THE COURT. *Amos Westcott* jun. brought his action on the case against *Isaac Stoyel* and *William Carder ;* averr-ing, that he was legally deputed to serve an attachment, which issued against *Stoyel* in favour of *Job Smith*, was sign-ed by *Thaddeus Learned*, justice of the peace, and directed to the said *Westcott* as an indifferent person : that by virtue of the writ, he arrested the body of *Stoyel*, at the house of *Carder ;* and that *Stoyel* and *Carder*, *with a fraudulent intent to rescue the said Stoyel from the custody of the said Westcott, and to procure him an opportunity to escape*, proposed to re-ceive him into their custody, and to re-deliver him to the said *Westcott* at a day and place mentioned, so that he might be conveyed to prison : that in consideration of this engage-ment, the said *Stoyel* was confided to their custody : but that, instead of being re-delivered, the said *Stoyel* and *Carder* combined to permit the said *Stoyel* to escape and depart out of the state ; " and that the said *Stoyel*, with the consent, " connivance, and assistance of the said *Carder*, did escape " and depart into the state of Rhode-Island, to the great " damage of the said *Westcott*."

The defendants (below) went to trial on the plea of not guilty ; verdict was rendered against them ; and, on motion in arrest for the insufficiency of the declaration, the same was adjudged sufficient.

(*d*) M. S.

1807.

STOYEL
*v.*
WESTCOTT

1. It is now objected, that the declaration was insufficient, inasmuch as *tort* and *assumpsit* were therein joined.

If this were the fact, the judgment of the Superior Court unquestionably would be erroneous. *Assumpsit* and *tort* may not be joined in one declaration, because they do not admit of the same plea and judgment. (*e*) But, on inspecting the record, it plainly appears, that the action is wholly founded in *tort*. The contract is disclosed merely by way of inducement ; and *the gist* of the action is the *misfeasance*. The plaintiff has alleged his *gravamen*, as consisting in a breach of duty, arising out of a fraudulent combination to procure the escape of *Stoyel*, and in his subsequent escape by the assistance of the defendants.

That the action might have been legally founded on contract, is no criterion in this case. It is sufficient to say, that the plaintiff, who had it in his option to commence such an action as he considered best adapted to the nature of the injury, has elected to lay the *res gesta* in *tort* Nor is this proceeding unprecedented. In *Dickon* v. *Clifton*, (*f*) a count founded on the undertaking of the defendant to transport a quantity of malt, which, by reason of his *neglect* and *improvidence*, became embezzled and wholly lost, was determined to be laid in *tort*. To the same purpose is the case of *Govett* v. *Radnidge and others*, reported in the third of *East*, page 62. The declaration alleges, that the defendant had the loading of a hogshead of the plaintiff in and upon a certain cart, for a reasonable reward, but so *carelessly*, *negligently*, *unskillfully*, and *imprudently* conducted, that by reason thereof the said hogshead was let fall, and the contents thereof lost. The only question in the case was, whether the action was laid *ex contractu*, or *ex delicto*. The court was clearly of opinion, that it was founded *in tort*. Judgment in the case of *Samuel* v. *Judin* (*g*) was founded on the

(*e*) 1 *Term Rep.* 276. 2 *Wils.* 319, 322. 3 *Wils.* 354.
(*f*) 2 *Wils.* 319.
(*g*) 6 *East* 333

same principle. One count in the declaration alleged, a delivery of two promissory notes to the defendant, *who*, for a commission, was to procure them discounted for the plaintiff. " But *contriving and fraudulently intending to deceive* " *and defraud* the plaintiff in this respect, (the defendant) did " not, though requested, pay the said sum of money so by " him received as and for the discount of said two notes to " the plaintiff, but on the *contrary converted and disposed* " *thereof to his own use.*" With this count was joined another in trover, and it was objected, that the declaration was ill, as tort and contract could not be joined. The principle was admitted by the court, but was considered inapplicable, for that both counts were founded *in tort.*

2. It is further objected, that it does not appear, that *Westcott* acted under legal authority ; and of this opinion is the Court.

He was an officer appointed by special deputation, and it was incumbent on him to show, with reasonable precision and certainty, that he was duly authorized. To this end it must appear, that the writ under which he acted, was legally issued, and directed, and that the arrest was legally made. But the declaration sanctions no part of this proposition.

A brief enumeration of particulars will evince, that the writ was utterly invalid, and that *Westcott* was entirely destitute of authority.

To every writ a *date* is essential. If there be no date, it cannot appear, that the person signing the writ, at the time of affixing his signature, had any authority, or that the action was brought, as it should be, to the next court. But the plaintiff (below) has not alleged, nor does it appear, that the attachment had any date.

A valid writ must be *signed* by proper authority ; and this must appear to the Court. To determine whether the

justice signing was duly authorized, it is indispensibly necessary, that the *Court*, to which the writ is returnable, should be mentioned. But the writ of attachment, in this case, was signed by a justice, and it does not appear to what court it was returnable.

To the validity of a writ of attachment *duty* and *bonds* are requisite. But it does not appear, by direct averment, by necessary inference, or even by presumption of an inferior kind, that this requisite, in the case under consideration, was complied with. The only allegation bearing on the point is this, *that there was a certain writ, signed by a justice, and delivered to the plaintiff (below) to serve.*

It is likewise necessary to the validity of a writ, that it be made returnable to a court *having competent jurisdiction.* But, in this case, it does not appear, that the writ was returnable to any court whatsoever.

It is not only indispensible to the validity of a writ, but to the authority of the officer serving it, that it be *duly directed* to him by competent authority. But, in the case under discussion, it does not appear, that the justice had any authority to sign the writ ; much less, to direct it to an *indifferent person.*

On the whole, it is perfectly compatible with the declaration of the plaintiff (below,) that the process directed to him was utterly invalid, and that the arrest of *Stoyel* was illegal and unjustifiable.

The judgment of the Superior Court, of consequence, must be reversed.