MATHILDA DEL CHARIO
*vs.*
CONNECTICUT COMPANY

Court of Common Pleas    New Haven County    File No. 34517

MEMORANDUM FILED JANUARY 11, 1944.

*John Henry Sheehan,* of New Haven, for the Plaintiff.

*Edwin H. Hall,* of Stratford, for the Defendant.

DWYER, J.  This action was instituted on August 4, 1943. The complaint alleges, in substance, that on May 13, 1942, the defendant was a common carrier of passengers by street railway; that on the day last mentioned, the plaintiff became a passenger on one of the defendant's cars and paid a fare for "safe passage" from West Haven to New Haven; that while she was riding on the car, "a collision caused by the negligence of the defendant's servants in not keeping a proper lookout for a brewery truck, occurred between said car and the said brewery truck, whereby the plaintiff was greatly injured and received a severe nervous shock." For these injuries, she seeks damages.  In its answer, the defendant

denies the material allegations of the complaint and, pleads further, that the right of action did not accrue within one year next before the commencement of this suit. A demurrer to the special defense is based on the claim that the action is on a contract, and not on negligence, and that the one year statute of limitations is not applicable here.

Under section 861f of the 1941 Supplement to the General Statutes, "no action to recover damages for injury to the person....caused by negligence....shall be brought but within one year from the date of the act or omission complained of." At first glance, this statute would seem to apply to and bar any prosecution of this action, since paragraph 3 of the complaint sets forth that the injuries resulted from a collision "caused by the negligence of the defendant's servants in not keeping a proper lookout." If any effect is given to this language, it would seem to indicate that recovery is sought on negligence.

But the plaintiff argues that the complaint is one based on a breach of contract to carry her safely to her destination and not on negligence. In support of her position, she cites *Fuller vs. Naugatuck R. R. Co.*, 21 Conn. 556, which was a suit brought by a husband and wife against a common carrier for injuries suffered by the wife when she fell from a moving train from which she was alighting at a station. The declaration was in three counts, in each of which the contract of carriage is stated as one whereby the defendant undertook to safely and securely carry the passenger and deliver her safely and securely to her destination, and that the failure to do so resulted from negligence and carelessness. The court said (at p. 574): "The point stated in the motion, that the first count was laid in *assumpsit*, and the other counts in *tort*, has not been insisted upon in argument. We presume it was intentionally abandoned; as the counts all seem to have been taken from established precedents in Chitty, of forms given under the head of *assumpsit*." This is the foundation of the plaintiff's claim that section 6005 of the General Statutes, Revision of 1930, allows her six years to bring her action.

In view of the conclusion to be announced herein, it is not necessary to determine whether this action sounds in contract or in tort, having in mind that the modern tendency is to make

the fundamental nature of the obligation the test as to whether the action is founded upon either tort or contract. *Dean vs. Hershowitz,* 119 Conn. 398, 405. It should be observed that the defendant was not an insurer of the safety of its passengers, nor has the measure of its duty been correctly stated in the complaint; for the law requires it to exercise "the highest degree of care and skill which reasonably may be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended." *Roden vs. Connecticut Co.,* 113 Conn. 408, 410.

Two distinct causes of action may arise from one wrong. For example, our Supreme Court has recognized that a surgeon might be held liable to his patient on an alleged breach of his obligation to use proper skill and care, even after a cause of action based on negligence had been barred by the statute of limitations. *Hickey vs. Slattery,* 103 Conn. 716; *Giambozi vs. Peters,* 127 id. 380. While an action against a carrier for wrong resulting in injury to a passenger is usually brought in tort, the action may be in *assumpsit* for breach of the express or implied contract to carry safely. 13 *C.J.S. Carriers* §757, p. 1421; 4 *Am. Jur. Assumpsit* §§2, 14, pp. 494, 503. The injured party may make his own election, as the liability is the same. 5 *R.C.L. Carriers* §§ 702, p. 63; 10 *Am. Jur. Carriers* §1602, p. 346; 18 *Am. Jur. Election of Remedies* §37, p. 156.

It will be observed that section 861f of the 1941 Supplement to the General Statutes, quoted above, differs from the statutes in force in many states in that it does not apply to all actions to recover for personal injuries, but to actions to recover for personal injuries caused by negligence. This statute, in its present form, was adopted after *Tuohey vs. Martinjack,* 119 Conn. 500, overruled the *Hickey* case, *supra,* in part, and held that the former statute applied to all actions to recover damages for personal injuries, whether or not such injuries were . caused by negligence. The Legislature made it clear that the one year limitation was to apply only to the cases specified in the Act, including personal injury cases resulting from negligence and not from any other cause.

In other jurisdictions it is generally held that where the statute of limitations requires all actions for personal injuries

to be brought within a specified time, this broad statute applies, though the action be brought as one based on a breach of contract. *See annotations,* 1 *A.L.R.* 1313 and 62 *A.L.R.* 1417. Many of the decisions referred to in these notes are based an statutes which differ from the one in force here, but they do illustrate the varying approaches to the problem adopted in the several courts. In many of these cases the contract relationship is considered as a matter of inducement only, and not of the essence of the case. See *Stoyel vs. Westcott,* 2 Day 418, 422.

Under the New York Code of Civil Procedure, in 1888, any "action to recover damages for a personal injury resulting from negligence" was required to be brought within three years, and the Code permitted six years for the bringing of "an action upon a contract obligation or liability, express or implied." In an action brought by a passenger against a carrier for personal injuries alleged to have been caused by the negligence of the conductor, it was held that the sole basis of liability was negligence, and that it was immaterial whether the action was in form *ex contractu* for a breach of the carrier's contract, or *ex delicto.* Thus, the shorter period of limitation was held applicable. *Webber vs. Herkimer and Mohawk Street R. R. Co.,* 109 N.Y. 311. The reasoning of this decision is convincing.

Assuming, then, that the complaint here states a cause of action based on a breach of contract, it is clear that it is one to recover for personal injuries "caused by the negligence of the defendant's servants in not keeping a proper lookout for a brewery truck." The action set up is one to recover damages for personal injuries resulting from tortious or negligent conduct which caused a breach of contract. Thus considered, section 861f of the 1941 Supplement to the General Statutes, carves out this group of cases from the general class of actions *ex contractu* to which section 6005 of the General Statutes, Revision of 1930, allowing a six year period of limitation, would apply, as section 861f affects all actions to recover for personal injuries caused by negligence.

Though the form of the action may be contractual, its substance denotes a tort. The defendant did not undertake any special duty toward the plaintiff which was not owed by it to all passengers. The contract was the basis on which the

defendant undertook to perform its legal duty imposed by law for the safety and protection of all passengers, including the plaintiff. If it failed in this performance, its conduct was negligent conduct, and the failure alleged in the complaint is described therein as negligence.

For these reasons, the demurrer is overruled.