**BANNER MFG. CO., Inc. v. UNITED FUR-NITURE WORKERS OF AMERICA et al.**

United States District Court
S. D. New York.
March 1, 1950.

724

Jacob E. Hurwitz, New York City, Samuel A. Adamson, New York City, of counsel, attorney for plaintiff.

Weinstock & Tauber, New York City, attorneys for defendants.

CLANCY, District Judge.

This is an action for damages under § 303 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 187. Plaintiff alleges that defendants are labor unions in an industry affecting commerce, that the defendants induced plaintiff's employees to engage in a strike, that the object of the strike was to force plaintiff to recognize defendants as the representatives of plaintiff's employees although another labor organization had been certified as such representative under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The defendants move to dismiss the complaint for want of diversity of citizenship without which they say the Court lacks jurisdiction.

This motion is denied. Section 1331, 28 U.S.C.A. provides: "The district court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States. Section 303(b) of the 1947 Act, upon which plaintiff sues, provides: "(b) Whoever shall be injured in his business or property by reason or any violation of subsection (a) may sue therefor in any district court of the United States subject to the limitations and provisions of section 301 hereof without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit."

Defendants contend that an intention of Congress to restrict Federal Courts' jurisdiction under this section to diversity of citizenship cases appears from the contrast of the language of § 303 with that of § 301(a) of the same act, 29 U.S.C.A. § 185(a), which gives to the District Courts jurisdiction of the parties in suits for violation of employer labor union contracts in industries affecting commerce without respect to the amount in controversy or to their citizenship. But there is a distinction between the causes of actions provided for in these sections. Section 301 deals with a contract action. Explicit elimination of the usual diversity requirement in contract actions might well have appeared advisable. Section 303 creates new rights and causes of action to enforce those rights resting on Federal commerce powers. Such actions have never required the additional jurisdictional element of diversity. Osborn v. President of Bank of U. S., 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204; cf. 15 U.S.C.A. § 15.

Defendants rely heavily on Schatte v. International Alliance of Theatrical Stage, Emp. and Moving Picture Mach. Operations of U. S. and Canada, D.C., 84 F.Supp. 669, which supports their position. That decision is based mainly upon the supposed intention of Congress inferred from the language of § 301. The legislative history of these sections would indicate that the then existing procedural difficulties in suing labor organizations in State and Federal Courts was one of the main reasons for their enactment. Teller, Labor Disputes and Collective Bargaining, 1948 Supp., Vol. 3, pgs. 163 to 165, 202, 203 and 275. Section 303 only deletes the $3,000 clause from 28 U.S.C.A. 1331 which we have quoted.