## L. FATATO, Inc. v. BEER DRIVERS LOCAL UNION 24 OF INTERNATIONAL UNION OF BREWERY, FLOUR, CEREAL, SOFT DRINK AND DISTILLERY WORKERS OF AMERICA, CIO.

Civ. No. 10895.

United States District Court
E. D. New York.

Oct. 31, 1950.

Charles M. Graham, Brooklyn, N. Y., for plaintiff.

I. Philip Sipser, New York City, for defendant.

GALSTON, District Judge.

The defendant by motion seeks an order dismissing the action on the ground that the court lacks jurisdiction, because it appears on the face of the complaint, and from the affidavit of William Greenstein supporting the motion, that the controversy is not one wholly between citizens of different states in that both plaintiff and defendant are citizens of the State of New York.

The action was brought pursuant to the provisions of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq.

The plaintiff is a dealer in beer and is engaged in interstate commerce because eighty-five per cent. thereof is shipped to plaintiff's place of business in this district from points outside the State of New York. His sales consist of wholesale deliveries and distributions, directly or through sub-distributors, to grocery stores, taverns, bars and grills, and other retail outlets in the City and State of New York. The business is of considerable volume, exceeding $1,000,000 for the year 1949.

The defendant is a labor union and maintains its principal office in Brooklyn in this district. It is alleged in the complaint that beginning on April 10, 1950, and continuously thereafter, the defendant in the course of a labor dispute with the plaintiff, and in the furtherance of a strike, called by the defendant against the plaintiff, arising out of such labor dispute, engaged in activities declared to be unlawful by section 303 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 187(a), in that the defendant induced employees employed at numerous retail outlets to engage in a concerted refusal in the course of their employment to sell or otherwise handle beer supplied by the plaintiff or its sub-distributors, with the object of compelling their employers, the owners of such retail outlets, to cease doing business with the plaintiff and its sub-distributors. Defendant, it is also alleged, has induced employees of the brewers supplying beer to the plaintiff to engage in a concerted refusal to work on or transport or handle beer for shipment to the plaintiff, with the object of compelling the brewers to cease doing business with the plaintiff.

The basic issue of this motion is whether jurisdiction depends on diversity of citizenship. The contention is that since there is no such diversity here, jurisdiction is lacking. On the other hand, the plaintiff urges that if the acts complained of fall within the framework of the Labor Relations Act, diversity of citizenship is not a prerequisite to jurisdiction.

Almost the same situation is disclosed in a case recently decided in the Southern District of New York by Judge Clancy, Banner Mfg. Co., Inc., v. United Furniture Workers of America et al., D.C., 90 F.Supp. 723. I find myself in entire accord with that decision.

29 U.S.C.A. § 187 reads:

"(a) It shall be unlawful, for the purposes of this section only, in an industry or activity affecting commerce, for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, * * * or otherwise handle * * * any goods * * * or to perform any services, where an object thereof is—

"(1) forcing or requiring any employer * * * or other person to cease using, selling * * * or otherwise dealing in the products of any other producer * * *.

    *     *     *     *     *     *

"(b) Whoever shall be injured in his business or property by reason or any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, * * *."

There is nothing said, in this subdivision (b) of section 303, about diversity of citizenship as a prerequisite for establishing jurisdiction; and there is no reason for reading it into the section unless "the limitations and provisions of section 185" of the Act force that conclusion. Section 185 has to do with suits by and against labor organizations. Subdivision (a) provides that any suits for violation of contracts between an employer and a labor organization, or between labor organizations themselves,

may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy, or without regard to the citizenship of the parties. Certainly nothing therein compels a construction of section 187(b) which would deny jurisdiction if there were no diversity of citizenship.

Section 185(b) has to do with "Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments". Here again there is nothing to suggest that diversity of citizenship be read into 187(b). Subdivision (c), far from sustaining the contention of the defendant herein, if anything supports the position taken by the plaintiff, for the subsection reads: "(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

Subdivision (d) relates to service of process, and subdivision (e) to the determination of the question of agency.

Thus there is nothing in section 187(b) in its explicit phrase, or implicitly by reference to section 185 of the Act, which requires diversity of citizenship as the basis for jurisdiction. This is a perfectly logical conclusion, and I know of nothing in the legislative history of the Act which compels a different reading of these two sections of the Act. Judge Clancy, in Banner Mfg. Co., Inc., v. United Furniture Workers of America, supra [90 F.Supp. 724], pertinently observes: "Section 303 (29 U.S.C.A. § 187) creates new rights and causes of action to enforce those rights resting on Federal commerce powers. Such actions have never required the additional jurisictional element of diversity. Osborn v. President of Bank of U. S., 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204".

As in the matter before Judge Clancy, so here too the defendants rely heavily on Schatte v. International Alliance of The-

atrical Stage Employees & Moving Picture Machine Operators of United States and Canada, D.C., 84 F.Supp. 669. It is curious though that neither in the argument before me nor in the briefs filed, did either counsel refer to the opinion of the Court of Appeals for the Ninth Circuit in this action. The opinion completely shatters the position taken by the defendant on this motion, for it includes the following passage: "The district court, noting that § 303(b) omits the phrase, 'without regard to the citizenship of the parties,' which appears in § 301(a), held that diversity of citizenship is a requirement for suits under § 303(b), and, hence, diversity not being present, § 303(b) could not be relied upon for jurisdiction in the instant case. We do not agree that diversity of citizenship is required. Section 303, even more explicitly than § 301, creates new substantive rights and liabilities, together with an appropriate remedy for their enforcement. An action under § 303(b), therefore, clearly arises under a law of the United States within the meaning of 28 U.S.C.A. § 1331 and under an Act of Congress regulating commerce within the meaning of 28 U.S.C.A. § 1337. Both § 1331 and § 1337 grant jurisdiction to federal district courts without any requirement of diversity of citizenship." 182 F.2d 158, at 165.

The motion to dismiss the complaint is denied. Settle order on notice.