**LORENZ–SCHNEIDER CO., Inc.,**
**Plaintiff,**

v.

**BAKERY AND PASTRY DRIVERS AND HELPERS UNION, LOCAL 802, affiliated with International Brotherhood of Teamsters, Defendant.**

**No. 62 C 310.**

United States District Court
E. D. New York.

June 21, 1962.

Herbert A. Levy, New York City (Cohen & Weiss, New York City, of counsel), for defendant, in support of motion.

Godfrey P. Schmidt, New York City, for plaintiff, opposed.

78

DOOLING, District Judge.

In an action commenced by an employer against a labor organization under Section 301 of the Labor Management Relations Act (29 U.S.C.A. § 185) to recover damages for the alleged breach of a no-strike clause in a collective bargaining agreement, the defendant moves to dismiss on the alternative "jurisdictional" grounds that there was no contract in force at the relevant time and that if there had been a contract in force, its arbitration clause would have covered the dispute of the complaint and therefore precludes relief by civil action in the Courts.

Plaintiff and defendant made a collective bargaining agreement under date of July 1, 1951 and that agreement was extended by formal writings to June 30, 1956. The parties disagree about the further extension of the contract. Plaintiff alleges that the contract continued in effect because the defendant's steward continued to function until September 1957, check-off requests referring plaintiff to "your contract" were received monthly as (perhaps) contemplated by Article 14(a), and when the particular employee discharge that touched off the strike occurred, the Union invoked the contract to prove the irregularity of the firing and did not claim that the contract had expired until plaintiff demanded arbitration of the firing. Defendant asserts that the contract was not extended beyond June 30, 1956.

On August 28, 1959 plaintiff discharged a route salesman without giving the notice that would have been required by Article 8(b) of the contract, if the contract subsisted. The defendant protested the manner of the firing; plaintiff claimed that the clause in the collective bargaining agreement, relied on by defendant, had been waived in practice; reinstatement was apparently refused, a strike threat made and a counterdemand for arbitration interposed. Then defendant asserted that the collective bargaining agreement had long since expired and the men were free to cease work. On the next morning a picket line was formed up outside plaintiff's plant and an eleven day strike ensued. It seems that at some point the particular discharge was sustained in an arbitration (Levy aff'd. 4/17/62, Ex. E) and, ultimately a new contract was worked out (ibid.).

Jurisdiction in the sense of Fed.Rules Civ.Proc., Rule 12(b) (1), 28 U.S.C.A., exists (United Steelworkers v. Warrior & Gulf Nav. Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409); the question of fact, whether there was a contract in effect, cannot be determined as such under Rule 56 on the present papers, and so there remains only the question whether plaintiff admits so much by its pleading that it is possible to conclude that no contract is really claimed to have existed. The Statute of Frauds, in spite of Hamilton Foundry & Machine Co. v. International Molders & Foundry Workers, 6th Cir. 1952, 193 F.2d 209, appears not to settle the matter. Rabouin v. N. L. R. B., 2d Cir. 1952, 195 F.2d 906, 910; Cf. Local 174, etc., v. Lucas Flour Co., 1962, 369 U.S. 95, 103, 82 S.Ct. 571, 7 L.Ed.2d 593. But little in what plaintiff alleges tends to show the existence at the time in question of a contract in the terms of the 1951 collective bargaining agreement. What is alleged evidences belief that a contract existed, shows action taken on that assumption but does not show that there was a contract in fact; plaintiff points out that it had unilaterally increased wages; it argued in 1959 that the notice about firing had been waived; most importantly plaintiff does not anywhere say that the parties had agreed to extend the contract. Plaintiff's reliance appears to be that, absent a new agreement, the old one kept filling the vacuum of nonagreement with its terms. That is not "contract" in the relevant sense. The conduct of the parties appears to have kept alive recognition and representation but beyond that an inference of bilateral agreement on concrete subject matter for a definable period is not possible; the facts are not there

and contract is, supremely, a factual thing. So, the complaint must be dismissed as insufficient, though, of necessity, with leave to amend.

■ The effect of allegations and proof that the 1951 contract still subsisted will be, apparently, to authorize defendant to move to stay the action pending arbitration of the issues whether it had the right to strike and the damages caused by the strike if it was a forbidden one. Drake Bakeries, Incorporated v. Local 50, 1962, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 may not end all controversy over the duty to arbitrate and the occasions when the right to compel arbitration may be lost. Here the arbitration clause is very broadly drafted, extending to "all disputes between the parties", and the "no strike" clause is framed as subordinate to the arbitration clause and tributary to its operation. The Court in the Drake case by footnote 8, discussing Local 174, etc., v. Lucas Flour Co., 1962, 369 U.S. 95, 82 S. Ct. 571, 7 L.Ed.2d 593, and by its disposition of the matter of the effect of the one day strike in violation of contract on the right of the Union to demand arbitration, seems to have disposed of any possible argument in this case that the nature of the alleged breach here—a strike—precludes arbitration because the strike is itself part of an integral process of arbitration-rejection in the firing-grievance matter that cannot be arbitrated because Section 3 of the Federal Arbitration Act requires the demandant of a stay of arbitration not be himself in breach of the agreement to arbitrate (9 U.S.C.A. § 3). Cf. Tenney Engineering, Inc. v. United Electrical, Radio & Machine Workers of America (UE) Local 437, D.N.J.1959, 174 F.Supp. 878, 881. Lewittes & Sons v. United Furniture Workers, S.D.N.Y. 1951, 95 F.Supp. 851. Tested by the standards of Signal-Stat Corp. v. Local 475 (UE), 2d Cir. 1956, 235 F.2d 298 and of Markel Electric Products, Inc. v. United Electrical, Radio & Machine Workers of America, 2d Cir. 1953, 202 F.2d 435, the arbitration clause here involved is broad enough and the occasion not one

that disables the defendant from invoking it.

The motion of defendant is granted to the extent of dismissing the complaint, with leave to amend.

It is so ordered.