**FRANCHI CONSTRUCTION CO., Inc., a Massachusetts Corporation, and Antonio G. Franchi, and Pasquale Franchi, d/b/a Albermarle Gardens, Plaintiffs,**

v.

**LOCAL NO. 560 OF the INTERNATIONAL HOD CARRIERS, BUILDING AND COMMON LABORERS UNION OF AMERICA, a Labor Organization, Local No. 32, Bricklayers, Masons, Plasterers, and Cement Masons, a Labor Organization, the Newton Carpenters District Council, a Labor Organization, Local No. 12, Plumbers and Gas Fitters Union, a Labor Organization, the Framingham-Newton Building and Construction Trades Council, a Labor Organization and Agent for All Member Labor Organizations Thereof, Defendants.**

Civ. A. No. 65–444.

United States District Court
D. Massachusetts.

Nov. 30, 1965.

Lawrence M. Kearns, Morgan, Brown, Kearns & Joy, Boston, Mass., for plaintiffs.

Arthur J. Flamm, Segal & Flamm, Boston, Mass., for defendants Local No. 560, Local No. 32 Newton Carpenters.

Timothy J. Murphy, Boston, Mass., for defendant Local No. 12.

Henry Wise, Boston, Mass., for Framingham-Newton.

SWEENEY, District Judge.

The plaintiffs brought this action under Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187, to recover damages for alleged unfair labor practices of the defendants. The complaint avers that the plaintiffs are engaged in the building construction business and that, together, they are constructing a garden apartment. building complex in Newton, Massachusetts. In connection with that project the plaintiff Franchi Construction Company, Inc. (hereinafter referred to as Company) has contracted with various contractors whose employees are not represented by labor organizations to perform specific work. Company has collective bargaining agreements with the defendants Hod Carriers, Bricklayers, and Newton Carpenters District Council. The complaint charges that "[s]ince October 26, 1964, and continuing to March 15, 1965, defendants, and each of them have demanded that plaintiff * * * Company cancel its contract[s] and cease doing business with * * * all * * * contractors with which it was doing business in connection with the construction project * * and which do not have collective bargaining agreements with labor organizations.

\* \* \*" In furtherance of these demands the defendants have allegedly picketed the construction site, have refused to furnish employees for work on the project, and have induced and encouraged employees of Company to engage in a strike.

■ All defendants except Local 12, Plumbers and Gas Fitters Union (hereinafter Plumbers) have filed motions for a more definite statement. They are denied. The complaint sufficiently apprises the defendants of the nature of the plaintiffs' claim to permit them to frame an answer. The details they seek by this motion are more appropriately obtained by discovery.

■ Plumbers and The Framingham-Newton Building and Construction Trades Council move to dismiss for lack of jurisdiction and for failure to state a claim. These motions are denied. The defendants' jurisdictional argument is based on this court's decision in Lach v. Hoisting & Portable Power Shovel & Dredge Engineers, 86 F.Supp. 463 (D.C. Mass.1949) which holds diversity of citizenship to be a jurisdictional requirement in suits under Section 303. However, in the light of a number of subsequent and persuasive opinions which declined to follow that holding, I now reverse myself and rule that an action under Section 303 arises under a law of the United States and this court has jurisdiction under 28 U.S.C. § 1331. United Brick & Clay Workers of America v. Deena Artware Inc., 198 F.2d 637 (6th Cir. 1952); Schatte v. International Alliance of Theatrical Stage Emp., 182 F.2d 158, 165 (9th Cir. 1950); Pepper & Potter, Inc. v. Local 977, United Auto Workers, 103 F.Supp. 684, 689 (S.D.N.Y. 1952); L. Fatato, Inc. v. Beer Drivers Local Union 24, 93 F.Supp. 481 (E.D. N.Y.1950); Banner Mfg. Co. v. United Furniture Workers, 90 F.Supp. 723 (S.D. N.Y.1950).

■ The objection that the alleged conduct of which the plaintiffs complain constitutes an unfair labor practice and is, therefore, within the exclusive jurisdiction of the National Labor Relations Board has been answered by the Supreme Court in International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275 (1952). Congress has provided two remedies against certain unfair labor practices and the question of preemption is not, here, involved. See also Local 20, Teamsters, Chauffeurs and Helpers Union v. Morton, 377 U.S. 252, 258 n. 13, 84 S.Ct. 1253, 12 L.Ed.2d 280 (1964).

■ Again in this case, as in the companion case, 248 F.Supp. 134, brought under Section 301, 29 U.S.C. § 185, the defendants Hod Carriers and Newton Carpenters District Council move for a stay of trial pending arbitration of this claim, as well. The motion is denied. First, the parties agreed to arbitrate disputes concerning the interpretation of their agreements; they did not agree to arbitrate whether certain conduct constitutes an unfair labor practice. Old Dutch Farms, Inc. v. Milk Drivers and Dairy Employees Local Union No. 584, 243 F. Supp. 246 (E.D.N.Y. July 9, 1965), upon which the defendants place great reliance, dealt with a far broader arbitration clause under which arbitration was to be had "in respect to anything not herein expressly provided but germane to the subject matter of this agreement \* \*" at 243 F.Supp. 247. I do not, therefore, reach the question whether, given an all-inclusive arbitration agreement, unfair labor practice claims brought under Section 303 must be tried to an arbitrator or to a court. Second, this suit includes both additional plaintiffs and additional defendants who are not parties to the collective bargaining agreements upon which the motion to stay is based. Under these circumstances, I consider the better course, in any event, to be that followed by the court in United States Steel Corp. v. Seafarers' International Union, 237 F.Supp. 529 (E.D.Pa.1965). This action may proceed to the point of trial, but the trial shall be continued until the conclusion of the arbitration ordered in 248 F.Supp. 134.