FRANCHI CONSTRUCTION CO., Inc., a Massachusetts Corporation, Plaintiff,

v.

LOCAL NO. 560 OF the INTERNATIONAL HOD CARRIERS, BUILDING AND COMMON LABORERS UNION OF AMERICA, a Labor Organization, Local No. 32, Bricklayers, Masons, Plasterers, and Cement Masons, a Labor Organization, and the Newton Carpenters District Council, a Labor Organization, Defendants.

Civ. A. No. 65-445.

United States District Court
D. Massachusetts.

Nov. 30, 1965.

Lawrence M. Kearns, Morgan, Brown, Kearns & Joy, Boston, Mass., for plaintiff.

Arthur J. Flamm, Segal & Flamm, Boston, Mass., for defendants.

SWEENEY, District Judge.

The plaintiff sues under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to recover damages for an alleged breach of the collective bargaining agreements it has with each of the three defendants. The complaint alleges that the plaintiff is engaged in the building construction business and that since June 1964 it has been engaged in constructing a garden apartment complex at 129 North Street in Newton, Massachusetts. It charges each of the defendants with violating its collective bargaining agreement by inducing and encouraging, since October 26, 1964, plaintiff's employees, members of each of the defendant unions, "to engage in a concerted refusal in the course of their employment to use, manufacture, process, transport or otherwise handle or work on any goods, articles, materials or commodities or to perform any services for" the plaintiff at the Newton construction site. The plaintiff demands damages.

All defendants have moved under Rule 12(e), F.R.Civ.P., 28 U.S.C., for a more definite statement. These motions are denied. The complaint is sufficiently specific to apprise the defendants of the nature of the plaintiff's claim and to permit the defendants to frame an answer.

Local 32, Bricklayers, Masons, Plasterers and Cement Masons, moves to dismiss the complaint "as it appears from the face of [it] that no enforceable contract was entered into between the plaintiff and Local 32. * * *" The union points out that the alleged contract appended to the complaint was not signed by it and it argues that "where the formal written contract was not signed, the burden is on the plaintiff to allege and prove that the contract was otherwise completed or executed." I find the allegation that the defendant "entered into a collective bargaining agreement" adequate to confer jurisdiction; and the existence and validity of the agreement are a matter of proof at a later stage of these proceedings. Roadway Express, Inc. v. General Teamsters, etc., Union, 330 F.2d 859, 861 (3d Cir. 1964).

This defendant contends further that "a suit does not lie under Section 301 to enforce a collective bargaining agreement which does not conform to the applicable provisions of the Massachusetts statute of frauds." M.G.L.A. ch. 259 § 1. Hamilton Foundry & Machine Co. v. International Molders & Foundry Workers Union, 193 F.2d 209 (6th Cir. 1952) cert. den. 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1363 (1952). There is, however, authority to the contrary, Rabouin v. National Labor Relations Board, 195 F.2d 906 (2d Cir. 1952), Lorenz-Schneider Co. v. Bakery and Pastry Drivers and Helpers Union, Local 802, 208 F.Supp. 77 (E.D.N.Y.1962), which I find more persuasive. In the first place, the court in Hamilton relied entirely on cases involving the use of state statutes of limitations, which had been based on statutory and historical

considerations that have no application to the statute of frauds, and which were grounded on policy judgments wholly different from those which justify the statute of frauds. See Hill, State Procedural Law in Federal Non-Diversity Litigation, 69 Harv.L.Rev. 66 (1955). Secondly, Section 301 is a part of an important national labor policy which, the Supreme Court has consistently held, must be paramount to local rules of law. Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers Union v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); N. L. R. B. v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170 (1944). The motion to dismiss is, accordingly, denied.

There remain for consideration motions by Local 560 of the International Hod Carriers, Building and Common Laborers Union of America and the Newton Carpenters District Council to stay these proceedings pending arbitration "in accordance with the terms of the collective bargaining agreement." The complaint alleges that the defendant unions violated their obligations under the respective agreements by engaging in a strike, and the first question presented by these motions is whether these alleged violations are arbitrable under the agreements.

*Agreement between the plaintiff and Local 560*

Article I, Section 1, provides:

"It is understood and agreed by all parties to this Agreement, that in order to settle all disputes that may arise during the life of same, and to prevent stoppage of work, that any matter in dispute that cannot be promptly adjusted or settled between the Parties to same, shall without unnecessary delay be presented to the Board of Interpretation as hereinafter provided for in Article VII of this Agreement."

And Article VII, insofar as material reads: *Arbitration*

"It is agreed that a Board of Interpretation composed of two (2) members of the Local Union and two (2) members appointed by the Association shall be established, to whom shall be referred any dispute arising over the interpretation of this Agreement; the Board shall meet to consider and act on the matter within three (3) days; and the decision of such Board shall be final. * *"

*Agreement between the plaintiff and The Newton Carpenters District Council*

The contract provides in relevant part, as follows:

Article II *Objective*

"The objective shall be the insurance of stable conditions for the Commonwealth, by preventing strikes and lockouts through a peaceful adjustment of grievances that might arise between the parties to this Agreement, in a manner which will tend to promote harmony, and to encourage the progress of the building and construction industry."

Article XIII *Strikes, Lockouts*

"Section 1. Since this Agreement provides for the orderly, peaceful settlement of all disputes, these provisions shall be adhered to.

"Section 2. All grievances over the interpretation of this Agreement not settled as set forth in (a) below shall be subject to arbitration as hereinafter provided. * * *"

Article XIV *Arbitration of Disputes and Jurisdictional Procedure*

"Section 1. A committee of six (6) shall be appointed as an arbitration board, to consist of three (3) members from the union and three (3) from the Association, to whom will be referred any dispute arising over the interpretation of this Agreement. * * *"

The stated objective of both agreements is to prevent work stoppages and to settle disputes peacefully. However, neither agreement contains an unequivocal agreement by the unions not to strike. Consequently, even if the arbitration clauses are read most narrowly to be confined to "disputes arising over the interpretation of the agreement[s]," whether or not the alleged strike is a violation of the contracts clearly is an arbitrable issue.

The plaintiff argues that the agreement does not expressly provide that either party has the right to invoke the arbitration provisions, that, in fact, neither the plaintiff nor any other member of the employer group who are signatories to these contracts has ever filed a grievance or submitted any case to arbitration, and that the case is, therefore, controlled by Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). See also Boeing Company v. International Union, United Automobile Aerospace and Agricultural Implement Workers of America (U.A.W., AFL–CIO), 246 F.Supp. 860 (E.D.Pa. October 7, 1965). But while these contracts may not expressly open arbitration to either party, there is no restriction on resort to arbitration by the employer and in my view the grievance procedure is available to either side.

The plaintiff urges an additional and independent ground for denying the stay—that it is relieved of any duty to arbitrate, as the alleged strike was entirely unjustified and involved the commission by the unions of a "flagrant unfair labor practice." But the plaintiff, here, presents a contract claim and, apart from the cautionary language in Drake Bakeries, Inc. v. Local 50, Am. Bakery, etc., Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962) explaining what the court does not decide, the plaintiff has cited no case in which an employer was, in fact, excused from its promise to arbitrate by the union's conduct. The motion to stay is allowed.