**NORWICH REALTY CORPORATION et al.**

v.

**UNITED STATES FIRE INSURANCE COMPANY et al.**

Civ. No. 9780.

United States District Court
D. Connecticut.

June 18, 1963.

Robert Leuba, Brown, Jewett & Driscoll, Norwich, Conn., for plaintiffs.

Robert Cooney, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant Lethbridge-Owens & Phillips, Inc.

George Eastman, John C. Flanagan, New Haven, Conn., for defendants United States Fire Ins. Co., American Equitable Assur. Co. and Maritime Ins. Co.

BLUMENFELD, District Judge.

This civil action was initiated on April 5, 1963 by service upon the Secretary of State as statutory agent of the defendants United States Fire Insurance Company, American Equitable Assurance Company, and Lethbridge-Owens & Phillips, Inc., of New York, and Maritime Insurance Company, of England, of a writ, summons and complaint returnable to the Superior Court for New London County, State of Connecticut, on the First Tuesday of May, 1963. On April 18, 1963, the three insurance companies filed a petition for removal of this case to the United States District Court.

This action arises out of a fire loss sustained by the plaintiff on its premises. Plaintiff is seeking to have the defendant insurance companies declared liable under binders issued by them allegedly covering the premises. Lethbridge-Owens & Phillips, Inc. is a non-Connecticut insurance brokerage firm and is joined on the ground that it represented to the plaintiff that it had secured adequate insurance coverage for it.

The plaintiff moves to remand to the state court on the ground that Lethbridge-Owens & Phillips, Inc. was not a party to that petition for removal as is required by 28 U.S.C. § 1441.

If the claim against the non-removing defendant was separate and independent, 28 U.S.C. § 1441(c) would permit its removal even though the separate controversy was not between diverse citizens. Obviously, the fact that there *is* diversity here would introduce no impediment to the removal of the entire case despite inaction by the moving defendants, if the claim against the non-removing defendant constituted a separate and independent cause of action. But here the non-removing party is not a defendant in a separate and independent cause of action because " * * * there is a single wrong to plaintiff, for

which relief is sought, arising from an interlocked series of transactions, * *." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702, 19 A.L.R.2d 738 (1951). There is but one wrong to the plaintiff here. However styled, the fundamental nature of the obligation of all of the defendants was to provide adequate insurance protection for the plaintiff. Cf. Del Chario v. Connecticut Co., 12 Conn.Supp. 286 (1944). Lethbridge's liability is based on its alleged failure to secure the kind of binders which the other defendants were allegedly required to issue.

■ While Lethbridge did not join in the petition for removal, it now demonstrates its interest in these proceedings by filing a brief in opposition to the plaintiff's motion to remand. Though the general rule is that all defendants must join in a petition for removal, Heatherington v. Allied Van Lines, 194 F.Supp. 6 (W.D.So.Car.1961); Warner v. Dunmeyer, 108 F.Supp. 757 (W.D.Mo. 1952); Moore 0.168 (1175), the rule has been modified when the non-joined defendant is a non-resident who has not been served *in time* to join in the removal petition. Del Fungo Giera v. Rockland Light & Power Co., 46 F.2d 552, 554 (S.D.N.Y.1931); Moore, supra (1174).

■ The question then is whether a non-resident joint defendant who is not included in the petition for removal, through error, or lack of diligence, may now be permitted to join in the petition for removal more than twenty days after it received a copy of the complaint and somehow get the benefit of the timely filing date of the petition joined in by the other defendants.

■ The right of removal is conditioned upon its appropriate assertion by a petition filed within twenty days from the defendant's receipt of a copy of the complaint. 28 U.S.C. § 1446(b).

■ No showing of excusable neglect has been made either by the defendants who joined in the petition or by Lethbridge. Cf. Radack v. Norwegian American Line Agency, Inc., 318 F.2d 538 (2 Cir.). The only circumstances offered in condonation of a failure to comply with that condition is that the petitioning defendants were not aware of the identity of the attorney representing the non-joining defendant because he did not enter his appearance in the state court proceedings until after that time for filing the petition had elapsed. Whether looked at from the standpoint of the petitioning defendants or the remaining defendant, these were hardly circumstances wholly beyond their control. Since concordance of all defendants is required, some affirmative action by each and every one of them is required. That no criteria have ever been formulated to guide the court in exercising discretion, in view of the open-ended possibilities presentable as excuses for the late filing of a petition, is not hard to understand. If the court were free to regard policy considerations in deciding whether late filing should be permitted those expressed in F & L Drug Corp. v. American Central Ins. Co., 200 F.Supp. 718 (D. Conn.1961), as followed in Yarbrough v. Blake, 212 F.Supp. 133 (W.D.Ark.1962) and Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F.Supp. 370 (E. D.Pa.1962), would outweigh the reasons urged by the defendants for justifying relief. Where the defendants have qualified to do business in this state, as is the case here, the original underlying reasons for diversity jurisdiction are sharply diluted.

More importantly, there is no statutory warrant for an exercise of discretion by a district court. Twenty days means twenty days. As pointed out in Moore's Commentary on the U.S. Judicial Code, 0.03(31) p. 217, "[t]he right is statutory. The right to remove an action, properly brought by a plaintiff in one set of courts, into another court system has no roots in the common law. Removal rests entirely upon a federal statute or statutes." In this case, 28 U.S.C. § 1446(b) governs.

The motion to remand is granted. The case is remanded to the Superior Court for New London County.