**POTTSTOWN DAILY NEWS PUBLISH-
ING COMPANY**

v.

**POTTSTOWN BROADCASTING
COMPANY.**

Civ. A. No. 33953.

United States District Court
E. D. Pennsylvania.

Nov. 22, 1965.

William A. O'Donnell, Jr., Pottstown, Pa., for plaintiff.

Stanford S. Hunn, Pearlstine, Salkin & Hardiman, Lansdale, Pa., for defendant.

BODY, District Judge.

Pottstown Daily News Publishing Company ("News Company"), the publisher of a newspaper known as the "Pottstown Mercury", instituted this action by a summons in equity in the Court of Common Pleas of Montgomery County, Pennsylvania, on October 14, 1960. The suit was brought to enjoin the Pottstown Broadcasting Company ("Broadcasting Company"), the owner of radio station WPAZ, from any further appropriation of its local news stories without its permission or authorization.

The News Company's complaint, filed on April 26, 1961, alleges that both plaintiff and defendant "disseminate news to the same general area and sell advertising within the same area"; that "plaintiff has invested and expends great sums of money to operate its newspaper and more particularly to develop its sources of local news, train personnel, and to accurately and concisely compose local news items"; that "the principal factor in plaintiff's circulation and the sale of advertising copy is its specialized treatment of local news items and local treatment of all news items"; that "plaintiff has copyrighted such local news items and notice of the copyright appears on the masthead of [its newspaper]"; that "the defendant has without license, permission, or authority from plaintiff, on numerous occasions in the past and is so continuing in the present, to use the local news stories gathered by the plaintiff's personnel and published in the [newspaper] for its own daily broadcast of news"; and that "said unauthorized use by the defendant of the said news items as gathered by the plaintiff is in violation of the right that the plaintiff has obtained by copyrighting and also violates the property rights of the plaintiff in the aforesaid news items."

On December 31, 1962 defendant filed its Answer denying most of the allegations of the Complaint and averred under the heading of New Matter that the Court of Common Pleas of Montgomery County lacked jurisdiction to entertain the action since the causes of action averred in the Complaint are based upon a violation of the copyright laws of the United States and an unfair competition claim joined with a substantial and related claim under the copyright laws over which the federal courts have exclusive jurisdiction. The defendant Broadcasting Company further averred that the News Company had no common-law property right in the news upon which a claim of unfair competition could be predicated.

On January 2, 1963 counsel for defendant made a motion in the Court of Common Pleas of Montgomery County to dismiss the action for lack of jurisdiction based upon the Act of June 25, 1948, c. 646, 62 Stat. 931; 28 U.S.C.A. § 1338. Judge Quinlan denied the motion and on January 14, 1963, after argument and submission of briefs, the court en banc confirmed the denial of defendant's Motion to Dismiss.

Defendant then appealed to the Supreme Court of Pennsylvania, No. 155 January Term, 1963, which affirmed the lower court in an opinion by Mr. Justice Benjamin R. Jones on July 2, 1963. Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co., 411 Pa. 383, 192 A.2d 657 (1963).

Thereafter, on August 5, 1963, the defendant filed the instant petition for removal to the United States District Court for the Eastern District of Pennsylvania. This Court now has before it the motion of the original plaintiff, the News Company, to remand the matter to the Court of Common Pleas of Montgomery County, Pennsylvania, and to assess all costs and disbursements on the defendant Broadcasting Company, including therein counsel fees in such amount as the Court may determine.

From its inception in 1960, this has proved to be a rather involved case from a procedural standpoint; however, for purposes of deciding the present motion to remand, the substantive legal issues can be narrowed down to the following two questions:

(1) Whether the federal court has exclusive jurisdiction over the causes of action alleged by plaintiff,

with the effect that it cannot remand 'to the state court, which would have no jurisdiction whatsoever; and

(2) Whether the defendant Broadcasting Company has complied with the strict requirements of the removal statute found in 28 U.S.C.A. §§ 1441 and 1446.

These issues will now be examined in turn.

## WHETHER JURISDICTION OVER PLAINTIFF'S CAUSES OF ACTION IS VESTED EXCLUSIVELY IN THE FEDERAL COURTS

The Broadcasting Company's argument on this issue is that the News Company's complaint alleges two causes of action, that is, one claim which arises under the United States laws relating to copyright and another cause of action which asserts an unfair competition claim joined with a substantial and related claim under the United States copyright laws, and that as to both causes of action, exclusive jurisdiction is vested in the federal courts by virtue of the provisions of § 1338(a), (b) which provides:

"(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases.

(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

■ This contention of defendant was rejected by the Supreme Court of Pennsylvania in the very lucid and well written opinion of Mr. Justice Benjamin R. Jones. We agree in all respects with that decision of July 2, 1963, and therefore conclude as did Justice Jones that:

"* * * under Section 1338(b), supra, the federal courts may now exercise pendent or derivative juris-diction over a claim of unfair competition which is joined with a claim under the copyright laws if the latter claim is 'substantial and related'. However, such permissive jurisdiction does not render the jurisdiction of the federal courts exclusive in nature or oust state courts of their jurisdiction over claims of unfair competition."

Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co., 411 Pa. 383, 389, 192 A.2d 657, 661 (1963).

In its opinion the Supreme Court of Pennsylvania went on to hold that:

"* * * insofar as the News Company pleads that the Broadcasting Company has 'pirated' news items gathered through the special services of the News Company, such states a violation of a property right and a claim of unfair competition which the state courts have jurisdiction to determine."

Id. at 394, 192 A.2d at 663.

In its Reply Brief Contra Plaintiff's Motion to Remand, however, defendant contends that the portion of the opinion by the Supreme Court of Pennsylvania holding that the complaint states a common-law cause of action for unfair competition under Pennsylvania law was "completely overruled" by a decision of the United States Supreme Court in the case of Sears Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964). [See also the companion case of Compco Corp. v. Daybright Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), decided the same day.] With this contention we cannot agree.

In the Sears Roebuck case, the Court held that a state's unfair competition law cannot, consistently with the federal patent law, impose liability for or prohibit the copying of an article which is not protected by a federal patent or copyright.

First of all, the language in Sears Roebuck to the effect that a state may not prohibit the copying of *uncopyrighted*

material could be construed as obiter dictum since, in that case, it was the *patents* on the "pole lamps" which were found invalid for lack of invention. Consequently, it cannot be said with absolute certainty that the law of common-law copyright has been limited by the Sears Roebuck decision in exactly the same respects as the state protection of unpatentable articles. However, we need not rest our conclusion upon such a tenuous distinction.

For instance, it is entirely possible, even in light of Sears Roebuck, that congressional failure to protect purely factual news accounts by the Copyright Act could be deemed an expression of a limitation of federal power rather than a congressional policy which allows the copying of such items.

Another distinction can be found in the fact that in Sears Roebuck the court was concerned with the *copying* of an unpatented and uncopyrighted product. In the case at bar, however, plaintiff alleges an unwarranted *appropriation* of its news stories by defendant. In the recent case of Flamingo Telefilm Sales, Inc. v. United Artists Corp., 141 U.S.P.Q. 461 (1964), which involved the unauthorized appropriation of artistic performances to the profits of others, the New York Supreme Court drew a similar distinction.

The court in the Flamingo case further stated:

"Whether this cause be denominated as sounding in 'unfair competition' or 'intentional interference with economic or contractual relations,' this court cannot, in view of the background of jurisprudence and decisional law in this area, hold that these recent decisions which involved distinguishable factual situations, wiped clean the slate of precedent and empowered the unauthorized appropriation of artistic performances to the profits of others." (Cases cited)

[Id. at 462] We think the analogy between the cases is an appealing one.

Another reason for supporting our conclusion that the rationale of the Sears Roebuck case does not preclude an action based upon a state unfair competition law for an invasion of a property right in uncopyrighted news, for instance, is that any other construction would leave a glaring loophole in the law. For example, in the case at hand let us assume that defendant's contention that local news items are not capable of being copyrighted, is sustained. Assume further that defendant's radio station has in fact "pirated" news items which were gathered and written by plaintiff's employees. To remedy such a violation, the plaintiff obviously would have no cause of action under the federal copyright laws.

Furthermore, if defendant's interpretation of Sears Roebuck is correct, plaintiff would likewise be unable to maintain an action for unfair competition under the laws of Pennsylvania. The result would be that defendant could wait patiently every day secure in the knowledge that it could supply its radio listeners with news items gathered through the expense and labors of plaintiff's reporters and "pirated" from plaintiff's newspaper which is distributed at approximately three A.M. each morning except Sunday. The ultimate security, of course, would lie in the certainty that defendant would be untouched by either state or federal law. Men of conscience would hardly condone such an inequitable result and we, as a court of conscience, will not subscribe to such a conclusion unless the Supreme Court enlightens us with a clear ruling on this specific problem.

It is important to reiterate that we are not now deciding the merits of plaintiff's allegations; nor are we casting aspersions upon defendant. The hypothetical case, however, does serve to crystallize the problems and indicate the consequences which would flow from defendant's contentions.

For purposes of the foregoing argument we have assumed that the news items involved in this case are not capable of being copyrighted. However, in its Complaint, plaintiff alleged that it has

copyrighted its local news items and that notice of the copyright appears on the masthead of the "Pottstown Mercury". Defendant, on the other hand, says it will demand proof of such copyright at trial because it contends that local news items cannot be copyrighted.

We are not now deciding the merits of the copyright claim. It nevertheless deserves consideration at this point because defendant has argued on the strength of the Sears Roebuck decision that if state unfair competition laws do not apply to items which could not be copyrighted, then *a fortiori*, state unfair competition laws cannot affect items which have been copyrighted. We disagree with defendant's theory because it cannot be stated categorically that for a state to afford additional protection, through its unfair competition laws, to one's rights in an article which is capable of being either patented or copyrighted under federal law, would run counter to the congressional policy expressed in the Sears Roebuck case.

In International News Service v. Associated Press, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211, the Supreme Court conceded that the AP stories were copyrightable, but nevertheless, applied the theory of unfair competition to enjoin INS both from using the bulletins as the basis for rewritten stories and from reproducing the AP stories without change. Plaintiff alleges a similar appropriation in the instant case.

The Copyright Act permits copyright protection against exact reproduction but such protection does not preclude the public from using the factual content of a news account. Therefore, since the Copyright Act would not prevent defendant from using plaintiff's news items as a basis for its newscasts, we think that the state unfair competition laws can afford such protection.

Therefore, if, in fact, plaintiff's local news items are protected by a federal copyright as alleged in its Complaint, perhaps because of some particular literary quality of the stories, [International

News Service v. Associated Press, supra] plaintiff is not precluded by the Sears Roebuck decision from invoking the protection of the Pennsylvania unfair competition laws on a remand of the case to the state court.

■ In conclusion then, it is our opinion that whether plaintiff's news items are copyrighted or uncopyrighted, is immaterial to the question of whether "piracy" of such items, if proved, can be remedied in the state courts. We conclude that in either case the Sears Roebuck decision does not preclude state court jurisdiction over the cause of action for invasion of a property right and unfair competition, based upon defendant's alleged appropriation of plaintiff's news items.

Having finally determined that this federal court does not have exclusive jurisdiction over the causes of action alleged by plaintiff in its Complaint, and that the state court has jurisdiction over the unfair competition claim, we now turn to the question of whether defendant complied in all respects with the removal statute, because having done so defendant would be entitled to remove the entire civil action under the doctrine of pendent jurisdiction. [28 U.S.C.A. §§ 1338(a), (b) and 1441; see also, 1 Barron & Holtzoff, Federal Practice & Procedure § 23]

## WHETHER DEFENDANT HAS COMPLIED WITH THE REQUIREMENTS OF THE REMOVAL STATUTE

Defendant's Petition for Removal of this case from the Court of Common Pleas of Montgomery County to this Court was brought under provisions of 28 U.S.C.A. § 1441(a) which provides:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

■ Since, as was mentioned previously, this federal court would have exclusive jurisdiction over the copyright claim alone [§ 1338(a)] and also pendent jurisdiction over the state related claim of unfair competition and invasion of property rights [§ 1338(b)], this is an action capable of removal provided defendant fulfilled the requirements of § 1446 dealing with the procedure to be followed on removal petitions.

The Act of June 25, 1948, c. 646, 62 Stat. 939, 28 U.S.C.A. § 1446, provides in pertinent part:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within *twenty* [1] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within *twenty* days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (Emphasis supplied.)

If the case stated by the initial pleading is not removable, a petition for removal may be filed within *twenty* days after receipt by the defendant, through service or other-wise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Emphasis supplied.)

■ A large body of cases supports the proposition that the above requirement is to be strictly construed and a party failing to file a petition for removal of a cause to the federal court in time is precluded from doing so at any subsequent state of the proceedings. See 1 Barron & Holtzoff, Federal Practice & Procedure § 107 and cases cited therein.

We, therefore, turn to the critical question of the time when it could be first ascertained that the case is one which is or has become removable.

■ First of all, the Petition for Removal was not filed within twenty days of the receipt by it of plaintiff's Complaint. The Complaint was filed on April 26, 1961 and the removal petition was filed on August 5, 1963. It seems clear that defendant knew on April 26, 1961, the date of the initial pleading, that the action was one capable of being removed, since it presumably knew then of the nature of plaintiff's claim. Furthermore, after the parties submitted additional interrogatories, defendant filed an Answer on December 31, 1962 containing New Matter which averred the very lack of jurisdiction of the Court of Common Pleas of Montgomery County and defendant has been maintaining that argument since that time. It was that motion of defendant to dismiss for lack of jurisdiction which was refused by the lower court and the refusal affirmed by the Supreme Court of Pennsylvania. Even if we take as crucial the date of the opinion by the Supreme Court of Pennsylvania, simple arithmetic demonstrates that July 2, 1963 is more than twenty days apart from August 5, 1963. Therefore, having

---

1. We note that § 1446(b) was amended effective September 29, 1965 to extend the time for removal of an action from twenty to thirty days. However, said amendment does not affect the case at bar since defendant's Motion to Remove was filed on August 5, 1963, which was before the effective date of the above amendment. [Public Law 89–215; 79 Stat. 887 (1965)]

given defendant the benefit of the most remote date, it is still clear that § 1446 (b) was not complied with.

Strict compliance being necessary in the removal area, the matter will therefore be remanded to the Court of Common Pleas of Montgomery County, Pennsylvania, for a determination of plaintiff's claim of invasion of property rights and unfair competition.