**P. P. FARMERS' ELEVATOR COM-PANY, a Corporation, Plaintiff-Appellant,**

v.

**FARMERS ELEVATOR MUTUAL IN-SURANCE CO., and New Amsterdam Casualty Company, Defendants-Appel-lees.**

No. 16493.

United States Court of Appeals Seventh Circuit.

May 28, 1968.

Maurice W. Kepner, Springfield, Ill., of counsel; Roberts & Kepner, Springfield, Ill., for plaintiff-appellant.

Jack E. Horsley, Richard F. Record, Jr., Craig & Craig, Mattoon, Ill., for Farmers Elevator Mutual Insurance Company, a Corporation, defendant-appellee.

George B. Gillespie, Patrick J. Cadigan, Springfield, Ill., Paul D. Wilson, Des Moines, Iowa, Gillespie, Burke &

Gillespie, Springfield, Ill., for New Amsterdam Casualty Company, a Corporation, defendant-appellee.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

This is an appeal by plaintiff from a judgment dismissing its complaint for failure to state a cause of action. The first question raised, however, is whether this action, begun in a state court, was properly before the district court.

Plaintiff, P.P. Farmers' Elevator Company, an Illinois corporation with its principal place of business in Illinois, filed its complaint July 21, 1966 in the circuit court for Sangamon county, Illinois. The defendants are Farmers Elevator Mutual Insurance Co. and New Amsterdam Casualty Company. They are foreign corporations, licensed to do business in Illinois.

Plaintiff alleged that each defendant had issued a fidelity bond covering plaintiff's manager; that New Amsterdam's bond was in effect for a period before May 15, 1964 and Mutual's thereafter; that before and after that date the manager had made false representations to the Board, and concealed facts from the board; that these acts were fraudulent and dishonest and caused loss. It is noted that defendants claim, in part, and the district judge appears to have decided, that the complaint shows on its face that the manager was guilty of no more than negligence, and not fraud or dishonesty so as to be covered by the bonds.

On August 30, 1966, Mutual filed a petition for removal to the district court on the ground of diversity. It alleged the summons had been served on it August 4; that Mutual is an Iowa corporation and New Amsterdam a Connecticut corporation, and neither has its principal place of business in Illinois. The petition gave no reason why New Amsterdam did not join in the petition and did not allege whether or not service of the state court summons had been made on New Amsterdam.

The district court, on August 30, ordered removal. New Amsterdam neither filed a removal petition of its own nor joined in the petition of Mutual. On September 2 it filed its motion to dismiss the complaint in the district court. No party argues that this appearance could or did cure any defect in the removal proceeding.

On September 28, 1966, plaintiff moved for remand to the state court, asserting that both defendants were served with process, but only one defendant sought removal. No party contends that plaintiff waived procedural objections by failing to make them sooner. The district court denied the motion for remand, but made no finding whether or not New Amsterdam had been served.

It is clear that the action could have been brought in the district court on the ground of diversity and therefore might be removed "by the defendant or defendants."[1] By long-continued construction of this language, "Defendants, then, are to be treated collectively; and, as a general rule, all defendants who may properly join in the removal petition must join."[2]

Under a recognized exception to the general rule New Amsterdam need not have joined in petitioning for re-

1. 28 U.S.C. sec. 1441(a).

2. 1A Moore's Federal Practice 1171, par. O.168 [3.-2], citing among others, Chicago, R.I. & P. R.R. v. Martin (1900), 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Heatherington v. Allied Van Lines, Inc. (D.C.S.C.1961), 194 F.Supp. 6; Wright, Federal Courts, p. 121. The present rule has been criticized and the proposal made that any defendant who could remove if sued alone should be allowed to remove. A.L.I., Division of Jurisdiction, Tentative Draft No. 2 (1964), sec. 1305(b), p. 17, and Commentary, p. 87. See also Tentative Draft No. 5 (1967), Commentary, p. 218.

moval if it had not been served with the state court summons.[3]

The verified petition for removal must state the facts entitling petitioner to remove[4] and "where the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e. g., that he is a nominal party or was not served at the time of filing the petition."[5] Mutual's petition failed to allege lack of service on New Amsterdam. Plaintiff did assert in its motion to remand that service had been made. "The burden of proof as to any controverted material issue is upon the party who removed to show that the suit was properly removed."[6]

Defendants argue that Mutual could properly effect removal acting alone under 28 U.S.C. sec. 1441(c) because plaintiff's cause of action on Mutual's bond is a "separate and independent claim or cause of action, which would be removable if sued upon alone." The argument must, however, fail because sec. 1441(c) does not operate on such separate and independent claim unless "joined with one or more otherwise nonremovable claims or causes of action." Here the cause of action on New Amsterdam's bond would be removable if sued on alone, and sec. 1441(c) does not apply. "But if there are two separate and independent claims and both such claims are removable, then all the defendants to both claims must seek removal."[7]

Although this action was removable, the procedure used to effect removal was defective and plaintiff did not waive the defect. We reverse the judgment appealed from and remand the cause to the district court with directions to remand it to the state court.

---

3. Wright, Federal Courts, p. 121; 1A Moore's Federal Practice, p. 1174, par. O.168 [3.-2].

4. 28 U.S.C. sec. 1446(a).

5. 1A Moore's Federal Practice, p. 1202, par. O.168 [3.-4],

6. 1A Moore's Federal Practice, p. 1346, par. O.168 [4.-1].

7. 1A Moore's Federal Practice, p. 1175, par. O.168 [3.-2].