427 F.2d 325
 TRI-CITIES NEWSPAPERS, INC., Plaintiff-Appellant,
v.
TRI-CITIES PRINTING PRESSMEN AND ASSISTANTS' LOCAL 349, INTERNATIONAL PRINTING PRESSMEN AND ASSISTANTS' UNION OF NORTH AMERICA, et al., Defendants-Appellees.
 No. 29314 Summary Calendar.
 United States Court of Appeals, Fifth Circuit.
 May 14, 1970.
 
 William M. Pate, Atlanta, Ga., C. A. Poellnitz, Florence, Ala., for appellant.
 Donald G. Wright, Florence, Ala., Jerome A. Cooper, Birmingham, Ala., Anthony J. DeAndrade, Int'l Printing Pressmen & Assistants' Union, Washington, D. C., for appellees.
 Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.
 MORGAN, Circuit Judge:
 
 
 1
 Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.
 
 
 2
 This is an interlocutory appeal made from the District Court's order denying a petition to remand the cause to state court.
 
 
 3
 Tri-Cities Newspapers, Inc. (hereinafter the company) brought suit in an Alabama state court seeking an injunction against union strikes and picketing in violation of a no-strike provision of a collective bargaining agreement which existed between the company and its employees' representative. The named defendants in that suit were Tri-Cities Printing Pressmen and Assistants' Local 349 (hereinafter the local union), International Printing Pressmen and Assistants' Union of North America (hereinafter the international union), Anthony J. DeAndrade, president of the international union, and eleven other individuals who were members of the local union. The Alabama court granted a temporary restraining order. The local union then petitioned to have the cause removed to the federal district court, which was granted. The international union did not join in this petition. Once before the District Court for the Northern District of Alabama, the company moved to have the cause remanded back to the state court because the international union had not joined in the petition for removal. The District Court denied the company's motion on the grounds that the international union was a mere nominal party to the proceeding and its joinder was therefore not a prerequisite to removal. The District Court also dissolved the state court's temporary restraining order. We allowed the company to make this appeal under 28 U.S.C. § 1292(b).
 
 
 4
 The important part of the contract in question here is the first paragraph which designates the parties thereto. It reads in pertinent part:
 
 
 5
 This agreement is entered into * * * between the Tri-Cities Newspapers, Inc. * * * hereinafter called the Publisher, the party of the first part, and Tri-Cities Printing Pressmen Union No. 349, subordinate to the International Printing Pressmen and Assistants' Union of North America, hereinafter called the Union, the party of the second part * * *
 
 
 6
 The contract was signed by officials of the local union, and, on a separate line, by the president of the international.
 
 
 7
 At the outset, it is not necessary for us to determine whether or not the District Court had original jurisdiction so as to permit this removal under 28 U.S.C. § 1441(a) and (b). Avco Corporation v. Aero Lodge et al., 390 U.S. 557, 559, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Nor is it necessary for this Court to pass on the question of whether the District Court's dissolution of the state court's injunction was proper. Sinclair Refining Company v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962). The only question before this Court is whether or not the international union was required to join in the petition for removal. If it was, then the cause must be remanded to the state court. If not, then the litigation on this cause is terminated.
 
 
 8
 The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition. Chicago, R. I. & P. R. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 7 Cir., 1968, 395 F.2d 546. However, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal. Shattuck v. North British and Mercantile Ins. Co., 8 Cir., 1893, 58 F. 609; Stonybrook Tenants Association, Inc. v. Alpert, 194 F.Supp. 552 (D. Conn., 1961). The test of whether or not a named defendant is a nominal party is if "his role in the law suit is that of a depositary or stakeholder * * *". Colman v. Shimer, 163 F.Supp. 347, 350 (W.D.Mich., 1958). Another court has said that:
 
 
 9
 "The ultimate test of whether the * * * defendants are * * * indispensable parties * * * is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff."
 
 
 10
 Stonybrook Tenants Association, Inc. v. Alpert, supra, 194 F.Supp. 559.
 
 
 11
 An examination of the facts, though not fully developed in the District Court below, indicate that the case should be remanded to the District Court to more fully explore the facts here involved. The question of whether or not a named defendant is a nominal party depends on the facts in each case. See, e. g., Boeing Airplane Co. v. Aeronautical Industrial, 91 F.Supp. 596 (W.D. Wash., 1950).
 
 
 12
 This is an action based on breach of contract, so that the issue of whether International was a party to the contract is important here. However, as the company points out in its brief, it is incumbent on our courts to examine not only the face of the contract, but to look beyond it to other facts which would indicate who were the parties to the contract. See, e. g., Genesco, Inc. v. Joint Council 13, United Shoe Workers, 2 Cir., 1965, 341 F.2d 482; Roadway Express, Inc. v. General Teamsters, Chauffeurs and Helpers Union, Local 249, 3 Cir., 1964, 330 F.2d 859; Franchi Construction Co. v. Local No. 560 of International Hod Carriers, 248 F.Supp. 131 (D.C.Mass., 1965). The terms of the contract itself are at least ambiguous. The designation of the parties does not conclusively determine the issue. Specific reference is made to the international union in several paragraphs of the contract. And officers of both the local and the international signed the contract.
 
 
 13
 In addition to the ambiguity on the face of the contract, there are a number of other material facts which have been unexplored and are therefore not on record on this appeal. Who, for example, is the actual bargaining agent for the employees? Whom has the company dealt with in handling its labor disputes, or in amending the collective bargaining agreement? Who participated in the actual negotiations of this contract? What is the relationship between the local and the international? And, most important of all, against whom would an injunction be binding or liability for damages for breach of contract be imposed? And who was actually responsible for the alleged breach of contract? It does not appear from the record that any of these facts have been determined. Once they are, then we should be able to decide whether or not the international union was a nominal party to the proceedings.
 
 
 14
 Remanded for further proceedings consistent herewith.