Shirley M. CRAWFORD, Plaintiff,

v.

FARGO MANUFACTURING CO., Inc., a foreign corporation, and McGraw-Edison Company, Inc., a foreign corporation, Defendants.

No. 71-511-Civ. T.

United States District Court,
M. D. Florida,
Tampa Division.

April 17, 1972.

David J. Maney, Richard Mulholland, Tampa, Fla., for plaintiff.

Pope & Burton, P. A., Tampa, Fla., for defendants.

## ORDER REMANDING CAUSE TO STATE COURT

HODGES, District Judge.

This case was instituted in the State Courts. On November 12, 1971, the Defendant, Fargo Manufacturing Co., filed a timely removal petition in this Court pursuant to 28 U.S.C.A. § 1446. Jurisdiction was predicated upon diversity of citizenship under 28 U.S.C. A. § 1441. The other Defendant, Mc-

Graw-Edison Company, did not join in or otherwise consent to the petition within the thirty day removal period specified by the statute. Thus, on December 3, 1971, Plaintiff moved to remand. Then, and only then, did Mc-Graw-Edison file its consent to the removal. Does the belated consent relate back to the timely filing of the original petition by the other defendant? If not, the removal is bad and the case must be remanded.

■ There is authority to the effect that all defendants need not sign the original removal petition. Stangard Dickerson Corp. v. United Electric Radio & Mach. Workers, etc., 33 F.Supp. 449 (D. C.N.J.1940). However, it is clear that all defendants who have been served must join in the petition for removal. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325 (5th Cir. 1970); Resident Advisory Board v. Tate, 329 F. Supp. 427 (E.D.Pa.1971); P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546 (7th Cir. 1968); Chicago, R. I. & P. R. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Limited exception is noted for formal or nominal party defendants where their presence is required by statute or other rule. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants', Local 349, *supra;* Urban Renewal Authority of City of Trinidad, Colo. v. Daugherty, 271 F.Supp. 729 (D.C.Colo.1967).

■ In addition to the joinder requirement, the Courts have uniformly held that the removal statutes must be strictly construed. Wood v. DeWeese, 305 F.Supp. 939 (W.D.Ky.1969); Proteus Foods and Industries, Inc. v. Nippon Reizo Kabushiki Kaisha, 279 F. Supp. 876 (S.D.N.Y.1967); Couch v. White Motor Co., 290 F.Supp. 697 (W. D.Mo.1968). This is based upon the pure statutory basis of removal which was unknown at common law. See Section 0.156, Moore's Federal Practice, Vol. 1A (1965).

The mandatory language of 28 U.S.C. A. § 1446 requires the petition to be filed within thirty (30) days after receipt by the defendant of an order or other paper in which removability first appears. As stated in Peter Holding Co. v. Le Roy Foods, Inc., 107 F.Supp. 56 (D.C.N.J.1942):

"Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary power to enlarge this period."

Also see Lusk v. Lyon Metal Products, Inc., 9 F.R.D. 250 (W.D.Mo.1949); Raymond's, Inc. v. New Amsterdam Cas. Co., 159 F.Supp. 212 (D.C.Mass.1956).

The above cases are distinguishable in that a timely petition was filed in this case but the joinder was outside the prescribed period. It is relevant, therefore, to examine the stipulation in light of the cases which probe the uncertainties of amendment of the removal petition.

■■ A party may amend the petition for removal or file a new petition, if accomplished within the prescribed statutory period. Chapman v. Ozark Forest Products, Inc., 246 F.Supp. 816 (W.D.Mo.1965); Wells v. Celanese Corp. of America, 239 F.Supp. 602 (E.D. Tenn.1964); Hernandez v. Watson Bros. Transp. Co., 165 F.Supp. 720 (D.C.Colo. 1958). The court is without jurisdiction to allow amendments to supply missing allegations after the expiration of the statutory period but may allow amendments to cure defective allegations. Bradford v. Mitchell Brothers Truck Lines, et al., 217 F.Supp. 525 (N.D.Cal. 1963); Franks v. City of Okemah, Oklahoma, 175 F.Supp. 193 (E.D.Okl.1959).

If the stipulation of McGraw-Edison Company is treated as an amendment to the original petition, the decisional authority teaches that this amendment is

an attempt to supply a missing allegation and should be disallowed.

In McMahan v. Fontenot, 212 F.Supp. 812 (W.D.Ark.1963), the court held that the filing of an answer by a non-removing joint defendant after the expiration of the twenty (20) day period could not be construed as an adoption by him of the petition filed by the co-defendant. The court, in Norwich Realty Corp. v. United States Fire Insurance Co., 218 F.Supp. 484 (D.C.Conn.1963) held that a defendant is not permitted to join in a removal petition outside the statutory period and receive the benefit of the timely filing date of the co-defendants, absent a showing of excusable neglect. Also see Futurama Import Corp. v. Kaysons Internat'l of Miami, Inc., 304 F. Supp. 999 (D.C.P.R.1969) and Moosbrugger v. McGraw-Edison Company, 215 F.Supp. 486 (D.C.Minn.1963).

The strict constructional standards considered in tandem with the policy of resolving doubt in favor of state court jurisdiction and the absence of any waiver on the part of the plaintiff convinces this court that plaintiff's motion to remand is well taken and ought to be granted.