**SUN OIL COMPANY OF PENNSYL-VANIA et al., Plaintiffs,**

v.

**PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY et al., Defendants.**

**Civ. A. No. 73–1960.**

United States District Court, E. D. Pennsylvania.

Sept. 26, 1973.

J. Anthony Messina, Philadelphia, Pa., for plaintiffs.

Louis H. Wilderman, Bernard N. Katz, Warren J. Borish, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On August 31, 1973, Local (8)–901 of the Oil, Chemical and Atomic Workers International Union, Sun Oil Company, Marcus Hook, Pennsylvania (Union) pursuant to 28 U.S.C. § 1441 removed to this court an action initiated by Sun Oil Company of Pennsylvania (Sun Oil) in the Commonwealth Court of Pennsylvania against the Pennsylvania Department of Labor and Industry, Pennsylvania Bureau of Employment Security, and three state officials responsible for the administration and payment of Pennsylvania Unemployment Compensation benefits (State Defendants). By Order of the Commonwealth Court of Pennsylvania, the state defendants were enjoined from paying unemployment compensation benefits to employees of Sun Oil who had been found to be entitled to such payments pursuant to a ruling of the Pennsylvania Department of Labor and Industry. Along with the removal petition the Union also filed with this court a motion to dissolve the preliminary injunction of the Commonwealth Court. Plaintiff, Sun Oil, has filed a motion to remand these proceedings to the State court and such motion is supported by the intervening plaintiffs.

From March 19, 1973 to July 19, 1973 Sun Oil experienced a work stoppage at its Marcus Hook plant stemming from collective bargaining negotiations between Sun Oil and the Union. Pennsylvania Law [1] entitles employees engaged in a work stoppage to unemployment compensation benefits if the work stoppage is caused by a lockout rather than a strike. The employees filed claims for benefits after commencement of the work stoppage. The Pennsylvania Bureau of Employment Security conducted fact-finding proceedings resulting in a decision on August 7, 1973 by the Pennsylvania Department of Labor and Industry that the work stoppage was caused by a lockout and that therefore the employees were entitled to unemployment compensation benefits. On August 9, 1973, prior to payment of any benefits, Sun Oil filed a complaint in equity in the Commonwealth Court of Pennsylvania seeking to enjoin the state defendants [2] from making payments of unemployment compensation benefits.

[1]. Act of December 5, 1936, P.L. (1937) 2897, as amended, 43 P.S. § 802(d).

[2]. The five defendants named in the original complaint in Commonwealth Court were: (1) Pennsylvania Department of Labor and Industry; (2) Paul J. Smith, Secretary of the Pennsylvania Department of Labor and Industry; (3) Pennsylvania Bureau of Employment Security; (4) John M. Clark, Executive Director of the Pennsylvania Bureau of Employment Security; and (5) Grace M. Sloane, Treasurer of the Commonwealth of Pennsylvania.

Sun Oil's complaint in State court alleged that the payment of unemployment compensation benefits prior to exhaustion and final determination of the administrative appeal procedure violates Sun Oil's right to due process of law under the Fourteenth Amendment to the United States Constitution. Briefly stated, Sun Oil's contention before the State court was that Sun Oil, as an employer required to make payments to the Unemployment Compensation Fund, has a property interest in the funds paid. Reliance is placed on Pennsylvania State Chamber of Commerce v. Torquato, 386 Pa. 306, 125 A.2d 755 (1956). Sun Oil's property interests are harmed, so the argument goes, when the funds are expended prior to a final determination of the validity of the initial ruling of the Bureau of Employment Security. Furthermore, it is argued that Sun Oil's experience rating is increased by payment of the funds based on a finding of a lockout. An increased experience rating will mean, plaintiff alleged, that Sun Oil will have to make increased compensation contributions to the Fund in the future.

On August 10, 1973, President Judge Bowman of the Commonwealth Court issued a special preliminary injunction against the state defendants restraining them from making any payments and on August 15, 1973 a full hearing was held before the court at which Union and the intervening plaintiffs [3] were permitted to fully participate. By memorandum order of August 16, 1973, President Judge Bowman continued the preliminary injunction granted August 10, 1973. The preliminary injunction was to continue until such time as the administrative procedure concerning the issue of whether there was a lockout or a strike runs its full course. President Judge Bowman's opinion in support of the preliminary injunction essentially adopts Sun Oil's due process claim and distinguishes California Department of Human Resources Development v. Java, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971). Java held that California's initial interview, at which both parties presented their positions, comported with Section 303(a)(1) of the Social Security Act requiring a method of administration reasonably calculated to insure full payment of unemployment compensation when due. The Court enjoined the enforcement of a California state law providing for the withholding of benefits upon an employer's appeal from the initial eligibility determination as being in conflict with Section 303(a)(1) of the Social Security Act. Before us then are the motions to remand filed by the plaintiffs and the motion to dissolve the preliminary injunction issued by the State court filed by the union. We deal first with the motion to remand since this issue goes to the jurisdiction of the court.

Sun Oil and the intervening plaintiffs contend that the requirements of 28 U.S.C. § 1441 et seq. have not been complied with in the removal proceedings. More specifically, they argue that the intervening defendants (Union) have failed to join all of the necessary defendants as required by 28 U.S.C. § 1441(a) [4] within the thirty-day time period required by 28 U.S.C. § 1446(b).[5]

---

3. At the Commonwealth Court hearing on August 15, 1973, the Greater Philadelphia Chamber of Commerce and the Pennsylvania Chamber of Commerce moved to intervene as plaintiffs. Although President Judge Bowman did not rule on such motions for intervention, he did allow the two intervening plaintiffs and the intervening defendant union to fully participate at the hearing. On August 21, 1973, the union moved to intervene as a defendant. President Judge Bowman granted the motions to intervene on August 23, 1973.

4. 28 U.S.C. § 1441(a) (1970) states:
 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5. 28 U.S.C. § 1446(b) (1970) states:
 The petition for removal of a civil action or proceeding shall be filed within thirty

The determinate issue is whether the failure of the intervening defendants (Union) to join the five state defendants in its petition for removal, within thirty (30) days of the service of the original complaint upon the state defendants mandates remand of this action to the Commonwealth Court. We grant remand for the reasons stated below.

 Case law has clearly established that when parties who are not formal or nominal parties fail to join in, or formally consent to, the petition for removal, the petition is fatally defective. P. P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Co., 395 F.2d 546 (7 Cir. 1968); A. E. Staley Manufacturing Co. v. Fischback & Moore, Inc., 353 F.Supp. 578 (E.D.Pa. 1973); Crawford v. Fargo Mfg. Co., Inc., 341 F.Supp. 762 (M.D.Fla.1972); Resident Advisory Board v. Tate, 329 F. Supp. 427 (E.D.Pa.1971). The issue of joinder goes to the subject matter jurisdiction of this Court and cannot, therefore, be waived or stipulated to by the parties.[6] Thus, we must first determine whether any of the state defendants were more than just nominal parties who must be joined in the petition for removal. If none of the original state defendants are necessary parties, then the motion to remand must be denied since the Union's petition for removal was filed within thirty (30) days of service of process on the state defendants. If, however, any of the state defendants are necessary parties, then their joinder must meet the statutory requirements of 28 U.S.C. § 1446(b). It is clear that at least two of the state defendants in the State court action are more than nominal parties. If these state defendants are real parties in interest, then they are more than formal or nominal parties. A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced,[7] or, as in the present case, the duty sought to be enjoined. Under Pennsylvania Law[8] the Department of Labor and Industry and its Agency, the Bureau of Employment Security, are the state agencies responsible for the administration and distribution of unemployment compensation funds. Any affirmative relief sought by the plaintiffs would necessarily have to be against these defendants. The injunction issued by the Commonwealth Court must be directed toward those parties whose duty it is to make the payments for the injunction to have any effect. These agencies, therefore, are real parties in interest. Accordingly, their joinder is necessary to effectuate removal and to vest this court with subject matter jurisdiction. Since, however, joinder of these parties was effected by September 17, 1973, the issue remains whether it was necessary, as Sun Oil contends, that joinder have taken place within thirty (30) days from the time service was made on the state agencies.

 Under 28 U.S.C. § 1446(b), a petition for removal must be filed within thirty (30) days after the defendant receives the complaint. This requirement of the statute is mandatory and cannot be extended by the court.

Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory

---

days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

6. Resident Advisory Board v. Tate, 329 F. Supp., *supra*, at 432.

7. See 1B Moore, Federal Practice ¶ 0.-411[5], n. 5 at 1451 (2 Ed.1965).

8. Act of December 5, 1936, P.L. (1937) 2897, as amended, 43 P.S. § 761(a). The Department of Labor and Industry has the duty to administer and enforce the Unemployment Compensation Law (43 P.S. § 751 et seq. (1970)), through such employment service and public employment offices as have been or may be constituted in accordance with the provisions of the act and existing laws. It has the power and authority to adopt, amend and rescind such rules and regulations as it deems necessary.

period is an inflexible rule of law determining the time within which an application to remove must be made and the court has no discretionary power to enlarge this period.

Crawford v. Fargo, 341 F.Supp., *supra* at 763, *citing*, Peter Holding Co. v. Leroy Foods, Inc., 107 F.Supp. 56 (D.C.N.J. 1942). Although mandatory, it is possible that a plaintiff by his actions may waive or be estopped from raising this issue in seeking to have a case remanded. In Green v. Zuck, 133 F.Supp. 436 (S.D. N.Y.1955), plaintiff's affirmative action in the federal court coupled with his failure to object to the untimely filing of the petition estopped him from demanding a right to remand.[9] In the instant case, Sun Oil filed its motion to remand on September 17, 1973. It took no other affirmative action in this Court. It cannot, therefore, be estopped from asserting the right of remand.

■ In Crawford v. Fargo Manufacturing Co., *supra*, the court held that when the co-defendant's joinder in the petition for removal did not occur until the expiration of the thirty (30) day filing period and after the plaintiff's motion to remand, then the case must be remanded. The instant case is distinguishable in that the party seeking removal is an intervenor, not a party to the original action. The position of an intervenor is, however, no greater than that of an original co-defendant. When an intervening defendant seeks removal, the running of the thirty (30) day filing period is generally [10] commenced by the service of process upon the original defendant. As stated by Professor Moore, "the intervenor takes his place in the suit subject to the disabilities of the other parties in respect to removal."[11] In the present case, joinder of all the state defendants occurred on September 17, 1973. The original complaint was served on the state defendants on August 9, 1973. Therefore, more than thirty (30) days elapsed between the receipt of the initial complaint by the state defendants and the joinder of all necessary parties to the petition for removal.

■ Our decision to remand precludes any determination of the union's motion to dissolve the preliminary injunction. Although we may not necessarily agree with the merits of the Commonwealth Court decision, we are compelled to deny the intervening plaintiffs a federal forum. Federal district courts are courts of limited jurisdiction and the statutes which confer jurisdiction upon them must be strictly adhered to by the parties. To deny remand in the present case would result in a total abrogation of the requirements of 28 U.S.C. § 1446(b). We find no reasons to justify such action.

The action must, therefore, be remanded to the state court.

9. See Green v. Zuck, 133 F.Supp., *supra*, at 438 n. 4, and cases cited therein.

10. Moore lists three instances in which the intervenor's right to remove is not barred by the expiration of the original defendant's thirty (30) day filing period.

 . . . the intervenor may remove if he can show that he is the only real defendant in interest, because all the other defendants are merely nominal or formal parties, or joined to circumvent removal, or the real issue is manifestly between the plaintiff and the original defendants on one side and the intervenor on the other. 1A Moore, Federal Practice ¶ 0.167[11] at 1056 (2 ed.1965). [Footnotes omitted]

11. 1A Moore, Federal Practice ¶ 0.167[11] at 1055 (2 ed.1965) citing Cable v. Ellis, 110 U.S. 389, 398, 4 S.Ct. 85, 28 L.Ed. 186 (1884).