**Robert H. CROMPTON, III**

v.

**PARK WARD MOTORS, INC., B & N Leasing Corp., Network Leasing Co., Inc.**

**Civ. A. No. 79–2724.**

United States District Court, E. D. Pennsylvania.

Oct. 4, 1979.

Wayde P. Seidenstricker, York, Pa., for plaintiff.

R. J. Hoelscher, Philadelphia, Pa., for Park Ward Motors et al.

## MEMORANDUM

TROUTMAN, District Judge.

■ Plaintiff instituted this action in the Court of Common Pleas of Lancaster County to rescind a contract which he and defendant Park Ward Motors, Inc. (Park Ward) signed for the lease of a new Rolls Royce sedan.[1] The parties allegedly agreed that plaintiff would receive a nine thousand dollar credit for the trade-in of his Mercedes Benz. Plaintiff complains that defendants did not credit his account as agreed and that they induced him to trade in his car and to lease the Rolls Royce by fraudulently misrepresenting the actual terms of the deal. Alleging that the written contract does not embody their actual agreement, plaintiff seeks compensatory and punitive damages, rescission of the contract or reformation thereof to reflect a credit for the trade-in value of plaintiff's Mercedes Benz. Plaintiff served defendant Park Ward on June 26, 1979, one day after serving B & N and Network. One month later defendant Park Ward removed the action to this Court. On August 2, 1979, more than thirty days after service and receipt of plaintiff's complaint, B & N and Network filed joinders to the removal petition. Now moving to remand, plaintiff argues that B & N's and Network's failure to join the removal petition within the thirty-day period prescribed by statute destroys federal jurisdiction.[2]

---

1. The lease contract was arranged through defendant B & N Leasing Corporation (B & N), which later assigned it to defendant Network Leasing Company, Inc. (Network).

2. The parties agree that Park Ward filed a timely petition for removal. Likewise, defendants do not contend that they are only nominal defendants or not real parties in interest.

The time limit for removal of civil cases to federal district court is found in 28 U.S.C. § 1446(b), which provides that

[t]he petition for removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. [emphasis added]

This requirement cannot be extended by consent of the parties or order of the court. *Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc.,* 461 F.Supp. 994, 996 (E.D.Pa.1978), *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D. Ill.1974), *Sun Oil Co. of Pennsylvania v. Pennsylvania Department of Labor & Industry,* 365 F.Supp. 1403, 1406 (E.D.Pa. 1973). All defendants must join in or consent to removal. *Chicago, R. I. & P. Railway Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), *Tri-Cities Newspaper, Inc. v. Tri-Cities Printing Pressman and Assistants Local 349,* 427 F.2d 325, 327 (5th Cir. 1970), *P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546, 548 (7th Cir. 1968), *Bradley v. Maryland Casualty Co.,* 382 F.2d 415, 419 (8th Cir. 1967), *Glenmede Trust Co. v. Dow Chemical Co.,* 384 F.Supp. 423, 429 (E.D.Pa.1974), *Sun Oil Co. of Pennsylvania v. Pennsylvania Department of Labor & Industry,* 365 F.Supp. at 1406, *Resident Advisory Board v. Tate,* 329 F.Supp. 427, 432 (E.D.Pa.1971). It follows that all defendants must join within the thirty-day period directed by § 1446(b). *DiCesare-Engler Productions, Inc. v. Mainman Ltd.,* 421 F.Supp. 116, 119–20 (W.D.Pa.1976) ("[o]n petition to remove a case to federal court, the *defendants are to be treated collectively,* and . . . all defendants who may properly join in the removal petition must do so") (emphasis added), *Sun Oil Co. of Pennsylvania v. Pennsylvania Department of Labor & Industry, supra* (remanded where intervening defendants joined in removal more than thirty days after original defendants served), *Crawford v. Fargo Manufacturing Co.,* 341 F.Supp. 762 (M.D. Fla.1972) (remanded where consent to removal was filed by co-defendant subsequent to expiration of time for filing), *Norwich Realty Corp. v. United States Fire Insurance Co.,* 218 F.Supp. 484 (D.Conn.1963) (remanded where all defendants had not joined in removal petition within required time). To hold otherwise would elide this requirement from the statute altogether, for the purpose of § 1446(b) is "to provide a *uniform and definite* time for a defendant to remove an action". *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 863 (W.D.Pa.1976) (emphasis added). *See also Sun Oil of Pennsylvania v. Pennsylvania Department*

---

Park Ward does assert due diligence in attempting to learn the identity of co-defendants' counsel. However,

[t]he only circumstances offered in condonation of [their] failure to comply with that condition is that the petitioning defendants were not aware of the identity of the attorney representing the non-joining defendant because he did not enter his appearance in the state court proceedings until after the time for filing had elapsed. Whether looked at from the standpoint of the petitioning defendants or the remaining defendant, these were hardly circumstances wholly beyond their control. Since concordance of all defendants is required, some affirmative action by each and every one of them is required. . . .

More importantly, there is no statutory warrant for an exercise of discretion by a district court.

*Norwich Realty Corp. v. United States Fire Insurance Co.,* 218 F.Supp. 484, 486 (D.Conn. 1963).

Defendant Park Ward also argues that the timeliness of the filing is not a jurisdictional matter. However,

[t]he fact that the filing of the removal petition within the limitation period is not a jurisdictional pre-requisite is not dispositive of the issue in the instant action. The determination that compliance with the time limits is not jurisdictional merely permits a federal court to hear the case when the plaintiff waives his right to have the action remanded to the state court. In this action, there has been no such waiver and the important issue is whether the Court must strictly enforce the statutory limits when presented with a motion to remand.

*Perrin v. Walker,* 385 F.Supp. 945, 946–48 (E.D. Ill.1974).

*of Labor & Industry, 365 F.Supp.* at 1407.[3] Accordingly, plaintiff's motion to remand will be granted.

**3.** Unknown at common law, removal statutes are to be construed strictly against removal and in favor of remand. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934), *Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co.,* 247 F.Supp. 578, 583 (E.D. Pa.1965), *Vendetti v. Schuster,* 242 F.Supp. 746, 751 (W.D.Pa.1965).