**Bradley S. PADDEN, Plaintiff,**

v.

**Robert B. GALLAHER, Coronet Insurance Company, Defendants.**

No. 80–C–1127.

United States District Court, E. D. Wisconsin.

April 28, 1981.

James A. Beaudry, Beaudry & Beaudry, West Allis, Wis., for plaintiff.

Russell M. Ware, Schoone, McManus, Hankel & Ware, Racine, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved to remand this action to the state court. The plaintiff filed this action in the circuit court for Kenosha County, Wisconsin in November, 1980. In his complaint, he alleges that Mr. Gallaher negligently operated his motor vehicle in a manner which injured him while he was a passenger in the Gallaher car. Coronet Insurance Co. is the insurer of Mr. Gallaher.

It is not disputed that Coronet Insurance Co. was served with a summons and complaint on November 13, 1980. Mr. Gallaher was served on November 28, 1980. On December 15, 1980, Mr. Gallaher petitioned this court for removal of the action from the state court, pursuant to 28 U.S.C. § 1446(e). Coronet Insurance Co. did not join in the petition for removal.

The plaintiff contends that Coronet's failure to join in the petition for removal necessitates remand of this action to state court. "[A]s a general rule, all defendants who may properly join in the removal petition must join." *P. P. Farmers' Elevator Co. v. Farmers Mutual Insurance Co.*, 395 F.2d 546, 547 (7th Cir. 1968); *see* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3731 at 718–19.

■ Section 1446(b) provides that the petition for removal must be filed within thirty days after the defendant is served with the complaint. Thus Coronet Insurance can no longer join in Mr. Gallaher's petition for removal; in fact Coronet could not have joined in the petition when it was filed, since the date the petition was filed was over thirty days from the date Coronet was served. Failure to comply with the time requirements of section 1446 deprives the federal court of jurisdiction, and summary dismissal is thus appropriate. *United States ex rel Walker v. Gunn*, 511 F.2d 1024 (9th Cir. 1975), cert. denied, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975); *accord, Pottstown Daily News Publishing Co. v. Pottstown Broadcasting Co.*, 247 F.Supp. 578 (1965); *see* Wright, Miller & Cooper, *supra*, Jurisdiction § 3732 at 729–31.

This rule was concisely summarized in *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1014 (S.D.Tex.1979) (all citations omitted).

"Since unanimity of all defendants is required for removal, the rule has evolved that if the first defendant does not file a petition for removal within thirty days of service, he waives his right to remove. Thus subsequently served defendants who attempt to remove within thirty days of their service may not remove since they could not include the first defendant in their petition for removal. Failure of a defendant to seek removal within the thirty day time limitation may not be cured retroactively by consenting to add and joining a subsequently served defendant's petition for removal. Although the thirty day time limitation is not jurisdictional, it is a formal rule of procedure which is strictly applied."

Coronet argues that these rules are not applicable to its failure to join in the petition to remove, because a nominal or formal party is not required to join in such a petition. Coronet is Mr. Gallaher's insurer; it argues: "Clearly, Coronet is not an indispensable party and its role in the lawsuit is

not going to affect the outcome of the plaintiff's lawsuit."

The court of appeals for the fifth circuit has stated the test for a "nominal party" in this context:

> " 'The ultimate test of whether the defendants are indispensable parties is whether in the absence of the [defendant], the Court can enter final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff.' " *Tri-Cities Newspapers, Inc. v. Tri-Cities P. P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970); quoting *Stonybrook Tenants Association, Inc. v. Alpert*, 194 F.Supp. 552, 559 (D.Conn.1961).

Applying this test to the case at bar, I have no difficulty concluding that if the plaintiff prevailed and Coronet was not a party, the court could not enter the type of judgment that the plaintiff would be entitled to have. Under Wisconsin law, an insurer is directly liable, up to the amount of the policy, to persons entitled to recover for the negligence of the insured. Wis.Stat. § 632.24. Thus the plaintiff might be able to win a judgment directly against the insurer. However, if Coronet were not a party, the court could not include it in any judgment the plaintiff might be entitled to have entered. Thus Coronet is not a mere "depositary or stakeholder," *Tri-Cities*, supra, at 327, and it is also not a nominal party to this action. Accordingly, I will grant the plaintiff's motion for remand.

Therefore, IT IS ORDERED that the plaintiff's motion for remand be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is remanded to the circuit court for Kenosha County, Wisconsin.